RECORD NUMBER: 12-1795

# United States Court of Appeals
*for the*
# Fourth Circuit

**MELISSA BEDIAKO, on her own behalf
and on behalf of all others similarly situated,**

*Plaintiff - Appellant,*

– v. –

**AMERICAN HONDA FINANCE CORPORATION,**

*Defendant - Appellee.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND IN NO. 11-CV-00001 (Hon. Roger W. Titus, Judge)**

*AMICUS CURIAE* **BRIEF OF AMERICAN FINANCIAL
SERVICES ASSOCIATION IN SUPPORT OF APPELLEE
AMERICAN HONDA FINANCE CORPORATION SEEKING
AFFIRMANCE OF THE DISTRICT COURT'S JUDGMENT**

**ROBERT L. WISE
BOWMAN AND BROOKE LLP
1111 E. Main Street, Ste. 2100
Richmond, Virginia 23219
T: (804) 819-1134**

*Counsel for Amicus Curiae*

COUNSEL PRESS • VA – (800) 275-0668

# TABLE OF CONTENTS

Table of Authorities .................................................................................... ii

Identity and Interest of Amicus Curiae ......................................................... 1

Argument ...................................................................................................... 4

    I.    Section 12-1019 is a statute of repose .................................................. 5

    II.    Interpreting and applying section 12-1019 as a statute of repose is consistent with legislative intent and better serves important public interests in the credit lending market ....................................... 8

    III.    The District Court properly applied section 12-1019 in tandem with an applicable statute of limitations .......................................... 10

Conclusion ................................................................................................. 13

Certificate of Compliance

Certificate of Service

# TABLE OF AUTHORITIES

**Cases:**

*Anderson v. United States*,
    427 Md. 99, 46 A.3d 426 (Md. 2012) ................................. 6, 8, 11, 13

*Anderson v. United States*,
    669 F.3d 161 (4th Cir. 2012) ........................................................ 7, 11

*Bediako v. Am. Honda Finance Corp.*,
    850 F. Supp. 2d 574 (D. Md. 2012) .............................................. passim

*Boudreau v. Baughman*,
    368 S.E.2d 849 (N.C. 1988) ................................................................ 7

*First United Methodist Church of Hyattsville v.*
*United States Gypsum Co.*,
    882 F.2d 862 (4th Cir. 1989) ............................................ 5, 6, 7, 8, 10

*Ford Motor Credit Co., LLC v. Roberson*,
    420 Md. 649, 25 A.3d 110 (Md. 2011) ............................................. 10

*Goad v. Celotex Corp.*,
    831 F.2d 508 (4th Cir. 1987),
    *cert. denied*, 487 U.S. 1218 (1988) ............................................ 6, 8, 9

*Green v. Ford Motor Co.*,
    152 Md. App. 32, 828 A.2d 821 (Md. Ct. Spec. App. 2003) ............... 7

*Jones v. Saxon Mortg., Inc.*,
    537 F.3d 320 (4th Cir. 1998) ......................................................... 6, 11

*Simmons v. United States*,
    421 F.3d 1199 (11th Cir. 2005) ........................................................... 9

*Va. Military Inst. v. King*,
    217 Va. 751 (1977) ............................................................................ 11

**Rules, Statutes, and Other Authorities:**

F.R.A.P. 29(c)(5) ................................................................................................ 3

Md. Code Ann., Cts. & Jud. Proc. § 5-108 ............................................. 11, 12

Md. Code Ann., Cts. & Jud. Proc. § 5-108(a)-(c) ......................................... 12

Md. Code Ann., Cts. & Jud. Proc. § 5-109 ................................................... 12

Md. Code Com. Law § 2-725. ...................................................................... 10

Md. Code Com. Law § 12-707(g) ................................................................ 10

Md. Code Com. Law § 12-1019 .......................................................... passim

N.C. Gen. Stat. § 1-46.1 ............................................................................... 12

N.C. Gen. Stat. § 1-52(16) ........................................................................... 12

iii

Amicus curiae American Financial Services Association ("AFSA") submits this brief in support of Defendant-Appellee American Honda Finance Corporation and urges affirmance of the District Court's judgment in favor of Honda Finance.

**Identity and Interest of Amicus Curiae**

AFSA is an unincorporated trade association and the nation's largest trade association representing market-funded providers of financial services to consumers and small businesses. AFSA has a broad membership, ranging from large international financial services firms to single-office, independently owned consumer finance companies. AFSA's 350 members include consumer and commercial finance companies, auto finance/leasing companies, mortgage lenders, credit card issuers, industrial banks, and industry suppliers.

For over 90 years, AFSA has served the consumer credit industry, protecting access to credit and consumer choice. AFSA represents financial services companies that hold a leadership position in their markets and conform to the highest standards of customer service and ethical business practices. AFSA's officers, board, and staff are dedicated to continuing this legacy of commitment through the addition of new members and programs, and increasing the quality of existing services.

AFSA is a frequent advocate before legislative, executive, and judicial bodies on issues affecting its members' interests. It has appeared as an amicus

1

curiae before numerous United States courts of appeal as well as many of the nation's highest courts, including the United States Supreme Court, on issues of concern to the consumer credit industry.

AFSA's members are vitally interested in the issues raised by this appeal. As Plaintiff-Appellant Bediako has acknowledged, the resolution of those issues is likely to affect "tens of thousands if not hundreds of thousands of loan obligations currently outstanding" in Maryland alone, including in the areas of motor vehicle loans, mortgages, personal loans, and others.  (*See* Mem. in Supp. of Mot. for Recons. at 18 n.8 (Dist. Ct. Docket No. 20).)  Specifically, AFSA's members are highly interested in being able to provide competitive, reasonably priced consumer credit, which requires a predictable market free from the uncertainty created by unreasonable and never-ending exposure to litigation.

As in many other industries and types of litigation, reasonable, ascertainable periods for limitations of actions are essential to achieving market certainty and providing competitive consumer lending.  Indeed, where there are disputes arising out of consumer credit transactions, they should be resolved in a procedurally efficient, expeditious, and just manner.  And when transactional relationships are consummated, any litigation stemming from alleged violations involving those relationships should be barred after a reasonable period of time, to further promote certainty and finality as to those transactions.  To that end, statutes of repose, in

2

addition to applicable statutes of limitations, act as a vital "books closing" device to bring finality and certainty to credit and lending transactions.

Allowing unreasonable delay in pursuing claims and permitting borrowers to extend indefinitely their time to file suit simply by refusing to satisfy their loans, such as what Bediako advocates here, are not only against the interests of AFSA's members, they are also against the interests of the consumer credit market and the public as a whole. Thus, AFSA submits this brief in support of its members' interest in ensuring that statutes of limitations and statutes of repose are properly interpreted and applied, consistent with the important roles they serve in ensuring open and affordable access to consumer credit.

AFSA files this amicus brief with leave of court.[1]

---

[1] Per Rule 29(c)(5), AFSA states that the undersigned counsel authored this brief, with limited consultation with counsel for Honda Finance. Honda Finance is a longtime, dues-paying member of AFSA. In addition to its normal dues, Honda Finance contributed additional money to AFSA intended to fund preparing and submitting this brief, because AFSA does not have sufficient funds through collection of dues alone to fund all of the litigation efforts and amicus submissions it and its members believe are appropriate and necessary to advance and advocate for its members' interests and positions. Other than as explained above, no other person contributed money that was intended to fund preparing or submitting this brief. AFSA's receipt of funding for this brief from Honda Finance in no way dictates its arguments or influences its positions in this filing. The positions AFSA advocates here are those of AFSA and its broad-based membership. Honda Finance's funding merely makes it possible for AFSA to afford to present those views to this Court. AFSA further notes that, even when combined with the 10,529 words set forth in Honda Finance's opening brief, the total word count of both briefs is less than the 14,000 words Honda Finance was permitted to include in its opening brief.

3

## Argument

AFSA submits this brief to address a very limited issue. Section 12-1019 of the Maryland Credit Grantor Closed End Credit Provisions ("CLEC"), Md. Code Ann., Com. Law, provides that an action for a CLEC violation "may not be brought more than 6 months after the loan is satisfied." Is this provision a stand-alone statute of limitations providing, as Plaintiff Bediako suggests, for the possibility of lifelong liability for credit grantors to borrowers so long as the borrower chooses never to satisfy the loan completely? Or is it a statute of repose that, if applicable, operates in tandem with an applicable statute of limitations. AFSA submits that, based on longstanding case law and the statute's text, section 12-1019 is the latter; it is a statute of repose that is intended to serve and, when properly applies, as below, does serve important and compelling public interests.

Interpreting section 12-1019, as Bediako urges, to be a statute of limitation as opposed to a statute of repose not only is contrary to the body of law and to fundamental understandings of repose and limitations periods, but also is detrimental to the consumer credit industry and the credit consuming public. For these reasons, AFSA supports Honda Finance in asking this Court to affirm the District Court's determination that section 12-1019 is not "strictly speaking" a statute of limitation, but is rather a "'books closing' device"—i.e., a statute of repose—and that Bediako's CLEC claim is time barred for failure to file her claim

4

within the applicable statute of limitations. *See Bediako v. Am. Honda Finance Corp.*, 850 F. Supp. 2d 574, 579-80 (D. Md. 2012).

## I. Section 12-1019 is a statute of repose.

Bediako argues that "[a]n aggrieved borrower must file any action to remedy a CLEC violation no later than six months after the loan is satisfied." (Br. of Appellants at 21 (citing Md. Code Ann., Com. Law §12-1019).)  This is an accurate statement, but only insofar as it goes.  It does not go far enough, however, because it fails to appreciate that section 12-1019 addresses only half of the question—whether the action is forever barred as outside of the timeframe in which the Maryland General Assembly has deemed it appropriate and in the public interest to allow CLEC litigation against credit grantors.  Section 12-1019 does not address the other half of the question, specifically, whether the cause of action is timely with respect to the accrual of an alleged CLEC violation (i.e., whether the cause of action is filed within the applicable statute of limitations).  That is because section 12-1019 is a statute of repose only, not a statute of limitations.

As this Court has explained in acknowledging the distinctions between and purposes behind the two different types of limitations of actions:  "A statute of limitations is a procedural device that operates as a defense to limit the remedy available from an existing cause of action." *First United Methodist Church of Hyattsville v. United States Gypsum Co.*, 882 F.2d 862, 865-66 (4th Cir. 1989)

5

(citing *Goad v. Celotex Corp.*, 831 F.2d 508, 511 (4th Cir. 1987), *cert. denied*, 487 U.S. 1218 (1988)). "A statute of repose," on the other hand, "creates a substantive right in those protected to be free from liability after a legislatively-determined period of time." *Id.* at 866. This Court further explained:

> Statutes of limitations are motivated by considerations of fairness to defendants and are intended to encourage prompt resolution of . . . claims. Statutes of repose are based on considerations of *the economic best interests of the public as a whole* and are substantive grants of immunity based on a *legislative balance of the respective rights of potential plaintiffs and defendants* struck by determining a time limit beyond which liability no longer exists.

*Id.* (emphases added; citations omitted); *see also* 51 Am. Jur. 2d *Limitation of Actions* § 24 (2011) ("A statute of repose sets an outer boundary in time beyond which no cause of action may arise for conduct that otherwise would have been actionable.").

Whether a statute is properly considered one of limitations or repose is mainly determined based on how the statute operates—in particular, from when and by what trigger it begins to run. *Anderson v. United States*, 427 Md. 99, 118, 46 A.3d 426, 438 (Md. 2012) ("Statutes of repose differ from statutes of limitations in that the trigger for a statute of repose period is unrelated to when the injury or discovery of the injury occurs.") (citing *First United*, 882 F.2d at 866); *see also Jones v. Saxon Mortg., Inc.*, 537 F.3d 320, 327 (4th Cir. 1998) ("[A]

6

typical statute of repose . . . 'precludes a right of action after a specified period of time rather than' providing that a cause of action must be brought within a certain period of time after the cause of action accrued.").

Indeed, this Court has previously determined similar limitations periods that are not tied to any accrual or date of injury, but instead to a date or event certain, to be statutes of repose. *E.g.*, *Anderson v. United States*, 669 F.3d 161, 166 n.3 (4th Cir. 2012) ("This Court has found [Md. Code Ann., Cts. & Jud. Proc.] Section 5-108"—which prohibits an action for any alleged injury arising from an improvement to realty "more than 20 years after the date the entire improvement first becomes available for its intended use"—"to be a statute of repose." (citing *First United*, 882 F.2d at 865)); *compare Green v. Ford Motor Co.*, 152 Md. App. 32, 52, 828 A.2d 821, 833 (Md. Ct. Spec. App. 2003) (noting § 12-1019 "on its face appears to simply set forth a condition precedent to suit"), *with Boudreau v. Baughman*, 368 S.E.2d 849, 857 (N.C. 1988) (differentiating statutes of repose from limitations on the basis that, unlike the latter, "[t]he statute of repose . . . acts as a condition precedent to the action itself").

The District Court correctly recognized that section 12-1019 "is not, strictly speaking, a statute of limitations," but rather operates as "a 'books closing' device." *Bediako*, 850 F. Supp. 2d at 579-80. The District Court also accurately concluded, "it is clear that the intent of the Maryland legislature in adopting § 12-

7

1019 was to allow a creditor grantor to 'close its books' on CLEC transactions once six months have elapsed since the satisfaction of the loan." *Id.* at 580. This "books closing" characteristic, as well as the fact that section 12-1019 begins to run from an event "unrelated to when the injury or discovery of the injury occurs," are all entirely consistent with that section's status as a statute of repose, not a statute of limitations. *See id.*; *see also Anderson*, 427 Md. at 118.[2]

## II. Interpreting and applying section 12-1019 as a statute of repose is consistent with legislative intent and better serves important public interests in the credit lending market.

To apply section 12-1019 as Bediako urges—i.e., as a "statute of limitations" that would permit actions to be brought at any time so long as the loan was never fully satisfied—would be inconsistent with the very purpose and intent behind section 12-1019 and statutes of repose like it, in general. That purpose and intent are to provide finality and closure to certain transactions and to render a defendant immune from liability as of a date certain, with that date being legislatively determined "based on considerations of the economic best interests of the public as a whole . . . ." *First United*, 882 F.2d at 866; *see also Goad*, 831 F.2d

---

[2] AFSA acknowledges that the District Court of Maryland, in a different case, stated that CLEC has a statute of limitations in section 12-1019. *White v. Bank of Am.*, No. CCB-10-1183, 2012 WL 1067657, at *8 (D. Md. Mar. 27, 2012). However, the opinion did not attempt to distinguish whether section 12-1019 was more properly considered a statute of repose. Moreover, to the extent that opinion could be read to have made such a distinction, AFSA respectfully submits the conclusion was, for the reasons explained above, incorrect.

at 511 (recognizing that "statutes of repose serve primarily to relieve potential defendants from anxiety over liability for acts committed long ago"); *Simmons v. United States*, 421 F.3d 1199, 1201 (11th Cir. 2005) (explaining that statutes of repose relieve parties of a never-ending fear of indefinite liability by providing some degree of "certainty" as to the end point of liability). In other words, as the District Court aptly analogized, section 12-1019 is a "'books closing' device." 850 F. Supp. 2d at 579-80.

In credit grantor transactions, a borrower in default could present a nonviable collection option, rendering the lender unable to collect fully and satisfy the loan. Nonetheless, under Bediako's interpretation of section 12-1019 as a statute of limitation as opposed to one of repose, the lender could never close its books on such a loan. Because the loan was never satisfied, the borrower could sue at any time, even decades later. Moreover, the borrower could unilaterally dictate the duration of potential exposure to litigation by withholding payment and avoiding full loan satisfaction.

This lack of closure that Bediako advocates would introduce unwelcome uncertainty and unpredictability into the credit lending market, affecting thousands—possibly hundreds of thousands—of loans throughout Maryland across a wide array of lending, including mortgages, automobile loans, personal loans, and others. In addition, this lack of closure inherent in Bediako's position would

9

require credit grantors to maintain records indefinitely, drastically increasing overhead, recordkeeping, and other administrative expenses, lest creditors subject themselves to potential spoliation claims or hamper their defenses by no longer having relevant loan documents.  Bediako fails to explain why the Maryland legislature would have intended these undesirable results or such a drastic increase in administrative and transactional costs, which would ultimately have to be borne by the credit consuming public.

The intent of CLEC, as part of the 1983 "Credit Deregulation Act," is to "entice creditors to do business in the State." *Ford Motor Credit Co., LLC v. Roberson*, 420 Md. 649, 662, 25 A.3d 110, 118 (Md. 2011).  The result Plaintiff-Appellant Bediako urges is incorrect as a matter of law.  But it would also negatively impact the credit lending industry in Maryland and discourage creditors from doing business there and, thus, would be contrary to "the economic best interests of the public as a whole . . . ." *See First United*, 882 F.2d at 865-66.

### III. The District Court properly applied section 12-1019 in tandem with an applicable statute of limitations.

Where, as here,[3] statutes of limitations and repose co-exist, they operate in tandem to require the plaintiff to file suit not only within a statute of limitations that begins to run from the date of the accrual of the cause of action (assuming

---

[3] AFSA agrees with Honda Finance that the applicable statute of limitations would either be Maryland Code, Commercial Law section 2-725 or section 12-707(g).

10

there is no discovery rule or other tolling principle at play), but also within the statute of repose, which begins to run from a date irrespective of the accrual of the cause of action. *See Anderson*, 427 Md. at 118; *see also Jones*, 537 F.3d at 327; *Va. Military Inst. v. King*, 217 Va. 751, 758 (1977) (explaining that the predecessor to Virginia's current Code § 8.01-250, a statute of repose applicable to improvements to realty, "sets an outside limit within which the applicable statutes of limitation operate"); 51 Am. Jur. 2d *Limitation of Actions* § 78 (2011) ("If a statute of repose and a statute of limitations both apply to a cause of action, the action must be filed within the period of repose and within the specified period after the action accrues."). This is essentially what the District Court correctly concluded. 850 F. Supp. 2d at 580.

Many jurisdictions, including Maryland, have both statutes of repose and statutes of limitations that potentially cover the same subject matter and require the plaintiff to comply with both. *E.g.*, *Anderson*, 427 Md. at 122 (explaining that Md. Code Ann., Cts. & Jud. Proc. § 5-108 contains two statutes of repose and one statute of limitation, working in tandem to limit the time to bring an action for injuries arising out of improvements to realty); *see also Anderson*, 669 F.3d at 164-65 (discussing, in the instance of the Federal Tort Claims Act, the interplay between a "substantive statute of repose" and a "procedural statute of limitations"

11

and how, where both lie, a claim must comply with both to be timely) (certifying question to Court of Appeals of Maryland).[4]

Using the example from *Anderson* of Maryland's Cts. & Jud. Proc. § 5-108, if a plaintiff filed within three years of an injury arising out of a realty improvement, but more than 20 years from the date of completion of such improvement, the action would be untimely. If that plaintiff filed the action within 20 years of the improvement, but more than three years after the accrual of the cause of action, the action would also be untimely. Md. Code Ann., Cts. & Jud. Proc. § 5-108(a)-(c); *see also* 51 Am. Jur. 2d *Limitation of Actions* § 78 (2011) (explaining generally same).

While she incorrectly argues that section 12-1019 is merely a statute of limitation, Bediako nonetheless concedes that a statute of repose and a statute of limitation applicable to the same subject matter operate in tandem. (Br. of Appellants at 34 (discussing Md. Code Ann., Cts. & Jud. Proc. § 5-109).)[5] Indeed,

---

[4]*See also, e.g.*, N.C. Gen. Stat. § 1-46.1 (containing statute of repose providing, "[n]o action for the recovery of damages for personal injury, death, or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than 12 years after the date of initial purchase for use or consumption"), & *id.* § 1-52(16) (containing statute of limitations requiring a personal injury action be brought within three years from the date "bodily harm to the claimant . . . becomes apparent or ought reasonably to have become apparent to the claimant, whichever event occurs first").

[5] Bediako cites no authority for her argument that when a legislature seeks to have certain types of actions be subject to a statute of limitations as well as a statute of repose, it does so only by placing them both "within the same statutory provision."

12

the two are not mutually exclusive; they serve separate and distinct purposes. And if, as here, a plaintiff fails to satisfy either, then her claim is untimely. *See Bediako*, 850 F. Supp. 2d at 580; *see also Anderson*, 427 Md. at 118 (explaining that a statute of repose is "a special statute with a different purpose and implementation than a statute of limitation"); 51 Am. Jur. 2d *Limitation of Actions* § 78 (2011).

## Conclusion

For the reasons set forth above, section 12-1019 cannot, as Bediako urges, be interpreted as an open-ended statute of limitation. Rather, interpreting that section as the District Court did, as a "'books closing' device"—in effect, as a statute of repose—best serves the public's interest in furthering certainty in the credit lending market and access to affordable credit.

Respectfully submitted,

AMERICAN FINANCIAL
SERVICES ASSOCIATION

---

(*Id.*) To the contrary, statutes of limitations and repose are often found in different code sections. *E.g.*, *supra* n.4.

13

*s/   Robert L. Wise*
Robert L. Wise, Esq. (VSB No. 42030)
Bowman and Brooke LLP
1111 E. Main Street, Ste. 2100
Richmond, Virginia 23219
Telephone:  (804) 819-1134
Facsimile:  (804) 649-1762
rob.wise@bowmanandbrooke.com

Counsel for Amicus Curiae American Financial Services Association

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-1795     Caption: Melissa Bediako v. American Honda Finance Corp.

CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

*[Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines; Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines; any Reply or Amicus Brief may not exceed 7,000 words or 650 lines; line count may be used only with monospaced type]*

   [✓] this brief contains __3,359__ [*state the number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ] this brief uses a monospaced typeface and contains _____ [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

*[14-point font must be used with proportional typeface, such as Times New Roman or CG Times; 12-point font must be used with monospaced typeface, such as Courier or Courier New]*

   [✓] this brief has been prepared in a proportionally spaced typeface using __Microsoft Word 2010__ [*state name and version of word processing program*] in __Times New Roman, 14-Point__ [*state font size and name of the type style*]; *or*

   [ ] this brief has been prepared in a monospaced typeface using _____ [*state name and version of word processing program*] with _____ [*state number of characters per inch and name of type style*].

(s) Robert L. Wise

Attorney for American Financial Services Assn.

Dated: 9/28/2012

Rev. 03/03/11

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

*Counsel for Melissa Bediako*

Cory Lev Zajdel
Z LAW, LLC
8830 Orchard Tree Lane, Suite 204
 Towson MD 21286
443-213-1977

*Counsel for the American Honda Finance Corporation*

Donald Manwell Falk
MAYER BROWN, LLP
2 Palo Alto Square
3000 El Camino Real, Suite 300
Palo Alto CA 94306-2112
650-331-2030

David Mitchell Ross Jr.
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
700 11th Street, NW, Suite 400
Washington DC 20001
202-626-7687

*/s/ Catherine B. Simpson*
Counsel Press LLC
1011 East Main Street
Suite LL-50
Richmond, Virginia 23219
(804) 648-3664

Filing and service were performed by direction of counsel